# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Tsunami Sales & Marketing, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Johnson Outdoor Products, Inc., <br><br> Defendant. | No. 2:18-cv-520-WBS-CKD <br><br> **STIPULATED DISCOVERY CONFIDENIALITY ORDER** |

Plaintiff Tsunami Sales & Marketing, Inc. ("Plaintiff") and Defendant, Johnson Outdoor Products, Inc. ("Defendant" and, with Plaintiff, the "Parties," each a "Party"), by their respective counsel, and subject to the approval of the Court, hereby stipulate and agree as follows:

WHEREAS, the Parties anticipate that during the course of the above-captioned litigation they may produce or provide documents and information that one or both Parties contend contain personal information, as well as trade secrets or other confidential or sensitive information subject to protection from unrestricted disclosure and use by the opposing Party; and

WHEREAS, the Parties wish to protect the confidentiality of such documents and information and to ensure that the Parties can obtain and pursue discovery with the minimum of delay and expense;

IT IS HEREBY STIPULATED AND AGREED THAT:

1. In connection with discovery and other proceedings in this action, when a Party produces or provides documents, testimony or things and reasonably believes that such documents, testimony or things contain confidential information entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and Local Civil Rule 141.1, Plaintiff or Defendant may designate such document as "Confidential" under the terms of this Stipulated Order.

2. Counsel for any Party or a third-party subject to discovery by subpoena may designate information as "Confidential" in the following manner: (a) as to any document or information contained in a document, if producing counsel determines, in good faith, that such designation is necessary to protect trade secrets or other confidential business information or other protectable information (including but not limited to non-public information relating to personnel, processes, objectives, strategies, plans, advertising, methodologies, procedures, operations, type of work, products, services, purchases, identification of customers, customer information, loan and credit agreements, policies, amount or source of income, costs, profits, losses, financial information, business forecasts or expenditures of any person, firm, partnership, corporation, or other organization); (b) as to interrogatory responses or other inquiries, by noting in the response to the inquiry that the response contains "Confidential Information;" and (c) as to depositions, if any, by the Parties noting at the deposition or within thirty days of receiving a transcript of the deposition that the information is Confidential. If such designation is made during the giving of any testimony, the reporter shall separately transcribe those portions of the testimony so designated and shall mark the face of the transcript accordingly. Information and documents designated by a Party as confidential will be labeled "CONFIDENTIAL." Confidential information or documents or testimony may be referred to collectively as "Confidential Information." Additionally, Defendant may designate certain Confidential

Information or documents "Confidential – Trade Secret" when such documents contain or information contains customer information or other trade secret or proprietary information, including but not limited to information related to pricing, customer data, and business plans.

3. Documents that are confidential under this Stipulated Protective Order shall be so designated by writing, typing, stamping or otherwise affixing the legend "CONFIDENTIAL" (and such other and further legend as may reasonably be included to specify such confidentiality) on copies of the document. Stamping the legend "CONFIDENTIAL" on the cover of any multi-page document, email or text chain shall designate all pages of the document as confidential, unless otherwise indicated by the producing Party. Confidential documents (including deposition transcripts) also may be so designated after production by written communication and reproduction with a "CONFIDENTIAL" legend for purposes of substitution of the original documentation, and the Parties shall use their best efforts to ensure that no prior disclosure shall be used or re-disclosed contrary to the terms of this Stipulated Protective Order.

4. The inadvertent or unintentional disclosure of Confidential Information shall not be deemed a waiver in whole or in part of a Party's claim of confidentiality. Any such inadvertently or unintentionally disclosed Confidential Information shall be designated as Confidential Information as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and the producing Party shall provide counsel for other Parties with a duplicate copy bearing the legend "CONFIDENTIAL," whereupon the unmarked copies will be returned or destroyed.

5. The designation of discovery matter as "CONFIDENTIAL" shall not be construed as a concession by the designating Party or any non-designating Party that such matter is relevant or material to any issue in this action.

6. Confidential Information produced pursuant to this Stipulated Protective Order may be disclosed or made available only to the Court, counsel for a Party whether in-house or outside counsel (including the paralegal, clerical, secretarial staff and other employees of such counsel assigned to and necessary to assist in the litigation), to a trier of fact or law in any other forum in which the claims asserted in this action may be adjudicated or enforced and the administrators of that forum, and to "Qualified Persons." A Qualified Person is a person who falls into one of the categories set forth below:

(a) a Party to this action;

(b) experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense or settlement of this action;

(c) court reporters employed in this action;

(d) third-party witnesses (as set forth and limited below); and

(e) any other person ordered by the Court or as to whom both Parties in writing agree.

A third-party witness may review Confidential Information only in the presence of a Party's attorney and the third-party witness may not copy, retain or record any Confidential Information. Documents or information marked with the designation "Confidential – Trade Secret" may be shown to third-party witnesses only upon prior consent of the producing Party and on the conditions set forth in the preceding sentence and such other conditions as are agreed to by the Parties or ordered. Any person or entity to whom Confidential Information is disclosed pursuant to Subparagraphs (d)-(e) above shall, prior to viewing such Confidential Information, be provided with a copy of this Order and shall execute a Nondisclosure Agreement in the form set forth in **Attachment A** hereto, such forms to be maintained by counsel for the Party sharing Confidential Information and undertaking to have such forms executed.

7. To the extent Confidential – Trade Secret information is made available to any individual who is a Party to this case, the Confidential – Trade Secret information shall be made

available to them by their counsel and all copies retained by their counsel.  Such individuals shall not be permitted to retain their own copies of any documents containing Confidential – Trade Secret information and shall not be able to access or review Confidential – Trade Secret information outside of their counsel's office or presence, except pursuant to another arrangement agreed to by the Parties (e.g., making the documents available on a secure website or link). Any such "Confidential-Trade Secret" information shall clearly bear this designation, in the same fashion as specified in paragraph 3, above.  Any third-party, subject to subpoena discovery, may also designate information produced as "Confidential-Trade Secret" subject to the restrictions of this paragraph.

8. On the request of any Party, any person who is not a Qualified Person shall be excluded from any deposition during the period in which Confidential Information is used, referred to or discussed.

9. The restrictions set forth in this Stipulated Protective Order shall not:

(a) apply to any documents or information that a Party can show was possessed, obtained or developed by it other than through discovery in this action except to the extent that such documents or information were obtained by employees or former employees of the disclosing Party or any of its subsidiaries during such individual's employment at the disclosing Party or its subsidiary or that such information belonged to the disclosing Party or its subsidiary and was taken without the express written permission of the disclosing Party;

(b) apply to any information which lawfully is or becomes public knowledge, not in violation of this Stipulated Protective Order;

(c) operate as an admission by the recipient that any of the information contains or reflects confidential information;

(d) prejudice in any way the right of any Party or non-party to object on any basis to the production of the information it considers not subject to discovery;

(e) prejudice in any way the right of any Party or non-party to seek a determination from the Court as to whether particular information shall be produced;

(f) prevent the Parties from entering into a written agreement to alter or waive the provisions or protections provided herein, generally or with respect to

5

any information;

(g) limit in any way the use to which information may be put by the producing Party for purposes of this litigation;

(h) prejudice in any way the right of any Party or non-party to seek such additional or other protection as that Party or non-party may deem appropriate with regard to the confidentiality of the information, including the right to seek a "Counsel's Eyes Only" designation;

(i) be construed to require any Party to produce information that it considers privileged or otherwise not subject to discovery; or

(j) be deemed a waiver of any objections a Party otherwise would have to producing or otherwise disclosing the information or a waiver of any third-party's claim to a right of privacy.

10. This Stipulated Protective Order shall be without prejudice to the right of any Party at any time after information is designated as Confidential Information to file a motion with the Court, upon not less than ten (10) days' notice to the other Party: (i) to challenge the designation of any particular document or information as confidential or whether its use should be restricted, provided such Party has first made a good-faith attempt to resolve such question with the designating Party; or (ii) seek a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. The Order shall not be deemed to prejudice the Parties in any way in any future application for modifications of this Order. Any information or documents designated as Confidential Information that are subject to a motion pursuant to this paragraph shall be treated as Confidential Information in accordance with the terms of this Stipulated Protective Order until such time as the court rules otherwise.

11. Material designated by the parties as "Confidential" or "Confidential-Trade Secret" shall not presumptively be subject to redaction or being filed under seal with the Court, unless said material meets the requirements of Fed.R.Civ.P. 5.2(a). Any party wishing to file any document, in either redacted form or under seal, shall comply with the procedures outlined in Local Civil Rules 140 and 141.

12. All documents produced in this proceeding shall be used by the Party to whom such documents are produced solely for purposes of the litigation or resolution of the claims asserted in this action, any trial and appeal of this action and the enforcement of any award thereon and for no other purpose. The Confidential Information produced by one Party will not be used by the other Party for any business purpose, including to aid in future solicitation of customers or any other competitive activity on behalf of any competitor of the disclosing Party.

13. This Stipulated Protective Order is entered solely for the purpose of facilitating the exchange of documents and information between the Parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by any Party.

14. This Stipulated Protective Order shall survive the final termination of this action, and the Court shall retain jurisdiction to enforce, construe or modify its terms. Within thirty (30) days following final disposition of this action, at the election of the producing Party, counsel for the Parties shall assemble and return to each other all Confidential Information, including all copies of same, or shall certify the destruction thereof, except counsel shall be permitted to retain, on a "Counsel's Eyes Only" basis, for their respective files (i) copies of all papers and documents filed with the Court and (ii) their work product, such as pleadings, correspondence, and memoranda, which contain or refer to confidential discovery matter, provided that all such confidential discovery matter and work product shall remain subject to this Stipulated Protective Order.

15. If Confidential Information is at any time subpoenaed or demanded by any person or entity not a party to this Stipulated Protective Order from a person bound by this Stipulated Protective Order, the person to whom the subpoena or demand is directed shall use his, her, or its

best efforts not to disclose such material without first giving the producing Party written notice of, and a reasonable opportunity to oppose the subpoena or demand. Nothing in this Stipulated Protective Order shall (a) preclude any Party from issuing or serving in any other action or proceeding any subpoena or demand for documents or information that may have been designated as Confidential Information in this proceeding; (b) affect the rights of the responding Party to object to such production; or (c) otherwise limit or affect the rights of any person or party to seek or oppose discovery in any other proceeding.

IT IS SO STIPULATED, this 25th day of May, 2018.

| | |
|---|---|
| **KLINEDINST, PC**<br>Natalie P. Vance (Bar No. 206708)<br>801 K Street, Suite 2100<br>Sacramento, CA 95814<br>Tel: (616) 444-7573<br>nvance@klinedinstlaw.com<br><br>*Attorney for Plaintiff, Tsunami Sales & Marketing, Inc.* | **In Association With:**<br>**TAYLOR FRICTON, PLLC**<br>By: */s/ D. Clay Taylor*<br>   D. Clay Taylor, Esq. (*Pro Hac Vice*)<br>7300 Metro Blvd., Suite 350<br>Edina, MN 55439<br>Tel: (612) 904-7376<br>clay@replawyer.com |
| **BUCHALTER**<br>By: */s/ Jacqueline Vu*<br>Jacqueline Vu (Bar No. 287011)<br>500 Capitol Mall, Suite 1900<br>Sacramento, CA 95814<br>Tel: (916) 945-5170<br>jvu@buchalter.com<br><br>*Attorney for Defendant, Johnson Outdoors, Inc.* | **In Association With:**<br>QUARLES & BRADY LLP<br>Daniel M. Janssen<br>(Pro Hac Vice to be applied for)<br>411 East Wisconsin Avenue, Suite 2400<br>Milwaukee, WI 53202-4426<br>Tel: (414) 277-5000<br>daniel.janssen@quarles.com |

**IT IS SO ORDERED**.

Dated: May 31, 2018

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

# NONDISCLOSURE AGREEMENT

I hereby attest to my understanding that documents and/or information designated "Confidential" may be provided to me pursuant to the terms, conditions and restrictions of a Stipulated Protective Order entered in the case of *Tsunami Sales & Marketing, Inc. v. Johnson Outdoors, Inc*, United States District Court for the Eastern District of California , Civil Action No. 2:18-cv-520 WBS/CKD on _____, 2018, that I have been given a copy of the Order, and have had its meaning and effect explained to me by the attorneys providing me with such information and documents, and that I hereby agree to be bound by its terms.

I further agree that I shall not disclose to others, except in accordance with the Order, such information or documents, and that such information or documents shall be used only for the purpose of the *Tsunami Sales & Marketing, Inc. v. Johnson Outdoors, Inc.* legal proceeding in which the documents were produced.

I further agree and attest to my understanding that my obligation to honor the confidentiality of such documents or information will continue even after the termination of this legal proceeding.

I further agree and attest to my understanding that, in the event that I fail to abide by the terms of the Order, I may be subject to sanctions, including sanctions by way of contempt of court. I agree to subject myself to the jurisdiction of the United States District Court for the Eastern District of California, for the purpose of contempt or other proceedings in the event of any violation of the Order.

By: _____
Name (Printed):
Title:

DATED: _____